UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THE PRIVATE BANK AND TRUST COMPANY, | Case No. 09-14734 |
| | John Feikens |
| Plaintiff, | United States District Judge |
| vs. | Michael Hluchaniuk |
| | United States Magistrate Judge |
| GAIL M. DUNCAN and SASHI K. TEJPAUL, | |
| Defendants. | |

# REPORT AND RECOMMENDATION
# TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

## I. PROCEDURAL HISTORY

On December 4, 2009, plaintiff filed a collection complaint against defendants, based on diversity of citizenship, seeking a judgment in the amount of $233,499.74 plus interest. (Dkt. 1). Defendants were served with the summons and complaint on December 17, 2009, but failed to timely file an answer. (Dkt. 6). Plaintiff filed a clerk's request for entry of default as to both defendants, which were entered by the clerk of the court on January 20, 2010. (Dkt. 8, 9). No proof of service on defendants of the notice of clerk's entry of default was filed with the Court. Plaintiff then filed a request for clerk's entry of default judgment in the amount of $385,462.46, which was entered by the clerk of the court on February 2,

1

2010. (Dkt. 10, 12). On February 2, 2009, plaintiff filed an *ex parte* motion to correct the complaint, caption, and docket, based on a misspelling of one of the defendant's names. (Dkt. 11). After a review of the file, the Court set plaintiff's motion for hearing. (Dkt. 14). A hearing was held on March 4, 2010.

## II. ANALYSIS AND CONCLUSIONS

Unless and until a party has been defaulted, Rule 5(a) requires the service of every pleading filed after the original complaint *and* the service of *all* written notices, appearances, demands, offers of judgment, or "other similar paper[s]." Fed.R.Civ.P. 5(a). This language is intended to be extremely broad and encompasses *every document* filed, unless otherwise provided elsewhere in the Federal Rules:

> The first sentence of Rule 5(a) requires each party not in default for failing to appear in the action to be served with a copy of the following notices and papers: orders required by their terms to be served; all pleadings subsequent to the original complaint, including...a wide variety of notices; appearances; demands; offers of judgment; papers that are prerequisites to taking an appeal, such as designations of records on appeal; and any "similar paper." A number of other documents also have been recognized by the courts as "similar papers" that are required to be filed under Rule 5, and courts have confirmed the broad interpretation that should be given to the term. **In short, every party *not in default* is entitled to receive notice of each step taken in the action**. * * *
>
> The words "similar paper" in Rule 5(a) evidence an attempt by the drafters to avoid a restrictive interpretation of the rule's specific list of papers, which is not intended

2

> to be exhaustive. In fact, these residuary and catch-all words suggest an expansive scope of application for the service requirement and it is not surprising that **it has been construed to extend to the service of written notices in such diverse matters as bankruptcy, contempt proceedings, grand jury investigations, and divorce cases** in the District of Columbia. * * *

4B Wright, Miller & Kane, Fed. Prac. & Proc. Civ.3d § 1143 (footnotes omitted, emphasis added). Thus, until the clerk *enters* a default against a party, that party, by definition, is not yet in default. Rule 5(a) unambiguously provides that service of the request for entry of default on defendants was required, before the default and default judgment could be entered. There is no dispute that such service on defendants was neither effectuated nor attempted by plaintiff. Based on the foregoing, the undersigned suggests that the default in this matter should be set aside. Given that the default was improperly entered, the default judgment is also invalid and should be set aside.

Also addressed at the hearing was the fact that the amount sought in the complaint ($233,499.74) and the amount sought in the affidavit supporting the default judgment ($385,462.46) were inconsistent. Counsel for plaintiff admitted that the amount sought in the complaint, plus appropriate interest, was the correct amount and that he made an error in the affidavit. Given the recommendation that the default and default judgment be set aside without prejudice, the undersigned also suggests that plaintiff resubmit his request for clerk's entry of default, and a

proof of service of same on defendants, and that, after the clerk's entry of default is entered, a corrected affidavit of plaintiff's counsel should be submitted to support the request for entry of default judgment.

## III. RECOMMENDATION

The undersigned **RECOMMENDS** that the default and default judgment be **SET ASIDE**, without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

4

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
| Date: March 8, 2010 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

### **CERTIFICATE OF SERVICE**

I certify that on March 8, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: James D. Bloom.

                              s/Tammy Hallwood
                              Case Manager
                              U.S. District Court
                              600 Church Street
                              Flint, MI 48502
                              (810) 341-7887
                              tammy_hallwood@mied.uscourts.gov