UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PRIVATE BANK AND TRUST, | Case No. 09-14734 |
| Plaintiff, | Nancy G. Edmunds |
| v. | United States District Judge |
| GAIL M. DUNCAN, *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |
| _____/ | |

# REPORT AND RECOMMENDATION
## MOTION FOR SANCTIONS AND DEFAULT JUDGMENT (Dkt. 46)

### I.     PROCEDURAL HISTORY

On December 4, 2009, plaintiff filed a collection complaint against defendants, based on diversity of citizenship, seeking a judgment in the amount of $233,499.74 plus interest.  (Dkt. 1).  Defendants were served with the summons and complaint on December 17, 2009, but failed to timely file an answer.  (Dkt. 6). Plaintiff filed a clerk's request for entry of default as to both defendants, which were entered by the clerk of the court on January 20, 2010.  (Dkt. 8, 9).  No proof of service on defendants of the notice of clerk's entry of default was filed with the Court.  Plaintiff then filed a request for clerk's entry of default judgment in the amount of $385,462.46, which was entered by the clerk of the court on February 2, 2010.  (Dkt. 10, 12).  On February 2, 2009, plaintiff filed an *ex parte* motion to

correct the complaint, caption, and docket, based on a misspelling of one of the defendant's names. (Dkt. 11). After a review of the file, the Court set plaintiff's motion for hearing. (Dkt. 14). A hearing was held on March 4, 2010 and the default and default judgment were ultimately set aside and plaintiff was instructed to resubmit his request for clerk's entry of default, along with the proper proof of service, and then a corrected affidavit in support of the request for default judgment. (Dkt. 15, 17). Plaintiff did so and a default was entered by the clerk of the on July 2, 2010. (Dkt. 19).

Defendants, through counsel, moved to set aside the default. (Dkt. 21). Judge Edmunds conditionally granted the motion to set aside the default, requiring that defendants pay $1000 in costs. (Dkt. 25). Defendants did so (Dkt. 26) and Judge Edmunds issued a scheduling order on February 1, 2011. (Dkt. 29). Previously, before counsel withdrew, on June 20, 2011, plaintiff had filed a motion to compel discovery, which was referred to the undersigned for hearing and determination. (Dkt. 32, 33). Prior counsel for defendants filed a response to the motion on July 5, 2011. (Dkt. 34). On August 16, 2011, counsel was permitted to withdraw. (Dkt. 39). The case was stayed for 30 days and defendants were ordered to inform the Court within 30 says as to whether they intended to proceed without counsel, and if so, to provide their current address and telephone number to the Court. District Judge Nancy G. Edmunds then issued an order

requiring defendants to show cause why a default should not be entered against them for failing to comply with the Court's order. (Dkt. 41). In response, defendants indicated that they were attempting to obtain counsel and understood that they may have to represent themselves. (Dkt. 42). On October 19, 2011, Judge Edmunds lifted the stay, entered an order stating that defendants had satisfied the show cause order, and implemented a scheduling order. (Dkt. 44). Given that defendants were proceeding without counsel, the undersigned permitted them an opportunity to file supplemental responses updating the Court on the status of their positions on the issues raised in the motion to compel. (Dkt. 43). The deadline for defendants' supplemental responses was October 21, 2011. (Dkt. 43). No supplemental response was filed.

In its motion to compel, plaintiff asserted that defendants' answers were evasive and incomplete, and no documents were produced. (Dkt. 32-3). On review of the responses and former defense counsel's response to the motion, the undersigned agreed that several responses are incomplete and evasive and thus, granted plaintiff's motion in part, ordering defendants to serve supplemental responses on plaintiff's counsel by December 8, 2011. (Dkt. 45). Costs and sanctions were denied at that time. The Court specifically warned that the failure to timely and satisfactorily comply with the November 15, 2011 Order could result in sanctions, including an award of attorney fees to plaintiff, and entry of a default

against defendants. (Dkt. 45).

Apparently, defendants did not comply with the November 15, 2011 Order, because plaintiff filed a motion for sanctions and default judgment on February 15, 2012. (Dkt. 46). This motion was referred to the undersigned for report and recommendation. (Dkt. 47). The Court issued an order setting a response deadline of May 14, 2012 and an in-person hearing for June 14, 2012. (Dkt. 48). The scheduling order specifically provided that defendants' failure to file a response brief could result in sanctions, including granting all or part of the relief requested by the moving party. (Dkt. 48). The hearing was held on June 14, 2012 and the Court concluded that plaintiff's motion should be granted.

For the reasons set forth below, the undersigned **RECOMMENDS** entry of default judgment jointly and severally against defendants in the amount of $277,433.04.

## II.   ANALYSIS AND CONCLUSION

Rule 37(b)(2) provides that where a party "fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders[,]" including, but not limited to, "prohibiting the disobedient party from supporting or opposing designated claims or defenses, ... striking pleadings in whole or in part[,] ... dismissing the action or proceeding in whole or in part[,] ... [or] rendering a default judgment against the disobedient party." Fed.R.Civ.P.

37(b)(2). A court may also, in addition to or as an alternative to the above-mentioned orders, direct "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with the court order. Fed.R.Civ.P. 37(b)(2)(C). A court must consider four factors when determining whether a plaintiff's complaint should be dismissed pursuant to Rule 37: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the party's adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

This Court also has the inherent authority to sanction litigants, which "derives from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings." *Dell, Inc. v. Elles*, 2008 WL 4613978, *2 (6th Cir. 2008), citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991). Indeed, the court has the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders. *Chambers*, 510 U.S. at 43-50. It is within a court's inherent authority is to "fashion an appropriate sanction for conduct which abuses the judicial process."

*Dell*, at *2, quoting *Chambers*, 510 U.S. at 44-45; *see also Gonzalez v. Ohio Cas. Ins. Co.*, 2008 WL 4277258, *1 (E.D. Mich. 2008) ("this court enjoys inherent authority to control its docket in promoting economies of time and effort for the court, the parties, and the parties' counsel."). Nevertheless, the use of default judgment against a defendant under Rule 37(b)(2)(A)(vi) is an extreme sanction. *See Buck v. U.S. Dept. Of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 607-08 (6th Cir. 1992). Consequently, the Court would not imposes such a sanction absent "a clear record of delay or contumacious conduct" by the offending party and when "no alternate sanction would protect the integrity of the pre-trial proceedings." *Id*. at 608; *see also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) ("Just as '[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault ...,' so, too, is entry of default judgment.").

In this case, defendants were expressly warned that their failure to file responses and comply with the terms of the order compelling discovery could result in sanctions, including a default and awarding all the relief requested by plaintiff. (Dkt. 45, 48). While it is not entirely clear whether defendants' failures are the result of willfulness, bad faith, or fault, in the view of the undersigned, plaintiff cannot be expected to prosecute this matter in any other fashion, given

defendants' apparent abandonment of their defense. Any other course would be prejudicial to plaintiff at this juncture. Given defendants' failure to comply with multiple orders of the Court and failure to participate in this case since the filing of their letter dated September 15, 2011, the undersigned sees no utility in considering lesser sanctions. Thus, all of the factors weigh in favor of default judgment. Given defendants' history of failing to respond, failing to comply with the Court's orders, and the failure to appear at the hearing on the motion for sanctions/default judgment, the undersigned finds that a default judgment is an appropriate sanction and accepts the amounts set forth in plaintiff's attorney's affidavit, totaling $277,433.04.

### III.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** entry of default judgment jointly and severally against defendants in the amount of $277,433.04.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 26, 2012                    s/Michael Hluchaniuk
                                       Michael Hluchaniuk
                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on June 26, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: James D. Bloom and I certify that I have mailed by United States Postal Service the foregoing pleading to the defendants, non-ECF participants, at the following address: Gail M. Duncan, 1404 North Coast Highway, Laguna Beach, CA 92651 and Shashi K. Tejpaul, 1404 North Coast Highway, Laguna Beach, CA 92651.

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov